STATE, EX REL. WILLIAM E. HILL, COUNTY ATTORNEY, APELLANT, V. GEORGE M. SMITH ET AL., APPELLEES.

FILED FEBRUARY 26, 1924. No. 23627.

1. Schools and School Districts: RURAL HIGH SCHOOL DISTRICT. Under the provisions of section 6373, Comp. St. 1922, it is competent for two or more adjoining common school districts, which are not able, or do not deem it expedient, to maintain a school of more than eight grades, to unite for the purpose of forming one rural high school district, notwithstanding the fact that such common school districts comprise a part of a county high school district.

2. ———: ———. Under section 6373, Comp. St. 1922, it is competent for a consolidated high school district, which is not able, or does not deem it expedient, to maintain a school of more than eight grades, to join with two or more adjacent common school districts to form a rural high school district.

APPEAL from the district court for Logan county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

William E. Hill and Beeler, Crosby & Baskins, for appellant.

Hoagland & Carr, H. E. Dress and C. S. Beck, contra.

Heard before LETTON, ROSE, DEAN and GOOD, JJ., ELDRED, District Judge.

GOOD, J.

Relator, William E. Hill, as county attorney of Logan county, Nebraska, instituted this action in quo warranto, to determine the validity of the organization of Baker rural

high school district, in said county, and to test the right of respondents to hold and exercise the functions of the offices of trustees of said district. To the information, respondents filed an answer, and relator demurred thereto. The demurrer was overruled, and relator elected to stand on the record as presented by the pleadings. The action was dismissed, and relator has appealed.

From the admissions contained in the answer, together with the averments thereof, which are admitted by the demurrer, the following pertinent facts appear: Under the statutory provisions relating to county high schools, Logan county high school was organized in 1918, and since that date has been maintained at Gandy, the county seat of said county. Soon thereafter there was organized a consolidated high school district, and the school located at Stapleton, in the west half of the county, while Gandy is in the east half of the county. The consolidated high school district is known as district No. 2. Logan county has an area of 576 square miles, of which 54½ square miles were in said district No. 2, and, apparently, the remainder of the county in the county high school district. District No. 2, in operating its high school during the past five years, had become indebted to the extent of $47,000, and found it impracticable and inexpedient, if not impossible, to continue to maintain a high school. In April, 1923, district No. 2 decided that it was not able, and that it was not expedient, to maintain a school above the eighth grade, or to maintain a consolidated high school. Thereupon, district No. 2, together with 11 contiguous common school districts, undertook to organize a rural high school district. None of the 11 common school districts maintained, or was able to maintain, a high school or a school above the eighth grade, except in so far as each constituted a part of the county high school district and assisted in maintaining that high school. District No. 2 and 10 of the other districts voted in favor of the organization of the rural high school district and were declared organized as a rural high school district. Pursuant to the provisions of the law, the county superintendent

named the district Baker rural high school district and appointed the respondents trustees thereof. Said district contained an area of 271 square miles.

Baker rural high school district was organized pursuant to the provisions of article VIII, ch. 63, being sections 6373 to 6384, inclusive, Comp. St. 1922. Section 6373 provides:

"Any two or more adjoining school districts in any county of this state which are not able or do not deem it expedient to maintain a school of more than eight grades may unite for the purpose of forming one high school district and maintaining one high school as hereinafter provided."

It is relator's contention that none of the school districts voting to organize the rural high school district was competent so to do. He very earnestly argues that district No. 2, being a consolidated high school district and at the time actually maintaining a high school, was incompetent to join in organizing a rural high school district. He further contends that each of the common school districts, which united with district No. 2 to form the rural high school district, was incompetent, because, as a part of the county high school district, it was thereby able to maintain, and was actually maintaining, a high school, and that none of said districts was in the class of districts designated by said section.

The rural high school law was originally enacted in 1901 (Laws 1901, ch. 64) and the county high school act in 1907 (Laws 1907, ch. 122). Relator argues that the legislature realized that the rural high school act was not adequate and had not induced the organization of high schools in some of the more sparsely settled counties of the state, and, deeming it proper and necessary that at least one high school should be maintained in each county in the state, provided for the county high school; that the legislature did not contemplate nor intend that the county high school might be interfered with or crippled by rural high school districts subsequently organized. Relator contends that, if rural high school districts are permitted to be organized in coun-

ties where there is a county high school, each of such rural high schools would take away from the county high school a part of its territory and means of support, and that, by reason of the organization of such rural high schools, the county high school would be left without sufficient territory and sufficient income to maintain the county high school.

We are unable to accept relator's view. We cheerfully concede that it was the legislative design that there should be at least one high school in every county, but we do not think that it was the legislative intent to thereby prevent the subsequent organization of rural high schools. We think, rather, that it was the purpose of the legislature, in enacting the county high school law, to provide for one high school in each county, and that it contemplated that, as population increased, rural high schools might be organized to supply the educational needs of the communities. It is scarcely to be believed that the legislature intended that but one high school should be maintained in a county. If such had been the case, doubtless the legislature would have so provided by legislating against the organization of rural high school districts in counties where a county high school was maintained. It is not to be overlooked that the legislature, on more than one occasion, has amended the rural high school act since the adoption of the county high school law, which clearly indicates that it was not the intention of the legislature to have the county high school law supersede the rural high school act.

Again, section 6400, Comp. St. 1922, provides that, where the proper officers of *any* rural high school, or of *any* city or village high school, shall certify to the governing body of the county high school that a high school course has been prescribed for such rural, city or village high school for the ensuing year, then all the property within such high school districts shall be omitted from the levy of tax for the support and maintenance of the county high school year, and such property shall be omitted from the levy of any tax to pay the principal or interest on any bonds that may be subsequently issued by the county high school

State, ex rel. Hill, v. Smith.

district. This clearly indicates that rural high school districts may be organized within counties that maintain a county high school, because the law authorizes the organization of county high schools only in counties where there are no high schools maintained. It follows that if there are any rural high schools in said counties they must, necessarily, have been organized subsequent to the organization of the county high school. Again, the language of section 6373, above quoted, provides that any two or more adjoining districts in any county of the state may unite for the purpose of forming one high school district, when the conditions therein prescribed exist. This does not limit it to the common school districts, and, when the term "any district" is used without limitation, it is not competent for the court, by a strained construction, to put any limitation upon the districts that may so organize.

The county high school is maintained either by the whole county, or at least by all of that part of the county which is not included in districts maintaining high schools. To hold that common school districts within a county high school district could not unite to organize a rural high school district would mean that, aside from districts containing cities or villages, there could be no other high schools organized within such a county until such time as an individual common school district alone was able to maintain a high school. We think that such was not the legislative intent.

As to the competency of a consolidated high school district to join with common school districts in forming a rural high school district, we think the question depends solely upon whether such district was able, and deemed it expedient, to maintain a high school in that district. The admitted facts in the pleadings show that, while district No. 2 was at the time maintaining a high school, it also appears that it was not able to do so, and that it deemed it inexpedient to continue to maintain a school of more than eight grades. The record shows that district No. 2 was competent to join in the organization of a rural high school district.

AFFIRMED.