SCHOOL DISTRICT No. 65 OF PERKINS COUNTY ET AL.,
APPELLEES, V. RUTH REES MCQUISTON AS COUNTY
SUPERINTENDENT OF PERKINS COUNTY, NEBRASKA,
ET AL., APPELLANTS.

79 N. W. 2d 413

Filed November 16, 1956. No. 33984.

W. C. Conover, Loyd E. Christiansen, Van Pelt, Marti
& O'Gara, and Chauncey C. Sheldon, for appellants.

Beatty, Clarke, Murphy & Morgan, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

Pursuant to section 79-1102, R. S. Supp., 1953, school
districts Nos. 29 and 49 in Chase County, both Class I
country school districts that maintain and teach only
elementary grades up to the eighth grade, school dis-
tricts Nos. 31, 61, and 8, all of Perkins County, Class I
country school districts teaching only elementary grades.

up to the eighth grade, and school district No. 65 of Perkins County, a Class II school district that taught both elementary and high school grades, filed with the county superintendents of both Chase and Perkins Counties petitions, identical in form, asking to have such districts united and formed into a single high school district for high school purposes.

School district No. 65 of Perkins County, being a Class II school district and having a board of education at the time of filing its petition, also filed with each of the superintendents a resolution asking for the uniting of said school districts for high school purposes.

The county superintendents of Chase County and Perkins County, on the filing of the petitions and the resolution of the board of education of school district No. 65, gave notice by publication in legal weekly newspapers of general circulation in Chase and Perkins Counties of a hearing on said petitions to be held on July 11, 1955, at 10 o'clock a. m., in the district courtroom at Grant in Perkins County.

On July 11, 1955, the county superintendents held said hearing and, acting jointly and multilaterally and on the record and evidence, determined that they had jurisdiction in the premises by virtue of section 79-1102, R. S. Supp., 1953. The county superintendents jointly declined to form the proposed new rural high school district.

The petitioning districts and a legal resident and taxpayer of each district prosecuted error proceedings from the findings and order of the county superintendents to the district court for Perkins County. Trial was had in the district court for Perkins County. A judgment was entered that the order entered by the county superintendents jointly on July 11, 1955, be reversed and set aside. It was further ordered that said county superintendents jointly enter an order finding that the organization of the Venango rural high school district by school districts Nos. 8, 31, 61, and 65 of Perkins County and school districts Nos. 29 and 49 of Chase County had been

completed, authorized, and perfected. This judgment was entered on December 6, 1955.

The county superintendents filed a motion for new trial on December 10, 1955. The motion for new trial was overruled on December 28, 1955, and upon motion of defendants in error for the fixing of a supersedeas bond, the supersedeas bond was fixed in the amount of $5,000.

On January 6, 1956, the following was filed in the office of the clerk of the district court for Perkins County: "ORDER Pursuant to the Decree of the District Court of Perkins County, Nebraska, entered on December 5, 1955, Ruth Rees McQuiston, County Superintendent of Perkins County, Nebraska, and Sylvia Ziegler, County Superintendent of Chase County, Nebraska, do hereby jointly find and order that the organization of the Venango Rural High School District by School Districts 8, 31, 61 and 65 of Perkins County, Nebraska, and School Districts 29 and 49 of Chase County, Nebraska, has been completed, authorized and perfected. Dated at Grant, Nebraska, this 6 day of January, 1956. /s/ Ruth Rees McQuiston County Superintendent of Perkins County, Nebraska /s/ Sylvia Ziegler County Superintendent of Chase County, Nebraska."

On the same date the county superintendents filed what is entitled a "deposit in lieu of supersedeas bond" which reads as follows: "Comes now Ruth Rees McQuiston, County Superintendent of Perkins County, Nebraska, and Sylvia Zeigler, County Superintendent of Chase County, Nebraska, and do each, jointly and severally deposit herewith with the Clerk of the District Court of Perkins County, Nebraska, an order executed in accordance with the Decree of the District Court entered in this cause on December 5, 1955, to abide the judgment of the Appellate Court instead of the undertaking prescribed in the second subdivision of Section 25-1916, pursuant to the provisions of Section 25-1917 of the Revised Statutes of Nebraska, Reissue of 1948.

Dated this 6 day of January, 1956. /s/ Ruth Rees Mc-Quiston County Superintendent of Perkins County, Nebraska /s/ Sylvia Ziegler County Superintendent of Chase County, Nebraska. The deposit of the order described above is hereby acknowledged, and is approved as to form and sufficiency in lieu of supersedeas bond, this 6 day of January, 1956. /s/ Harry Shalla Clerk of the District Court."

On January 18, 1956, the county superintendents gave notice of appeal to this court. On the same date the clerk of the district court for Perkins County received from one of the counsel for appellants $75 in lieu of cost bond, and on the same date $20 for costs of appeal.

The appellants set forth several assignments of error. However, we believe the first question to be determined relates to the instrument filed by the appellants with the clerk of the district court for Perkins County entitled "deposit in lieu of supersedeas bond."

The appellants contend that they have complied with sections 25-1916 and 25-1917, R. R. S. 1943; that the instrument so designated and filed constitutes a substitute for supersedeas bond; and that said appellants have perfected their appeal to this court.

Section 25-1916, R. R. S. 1943, provides in part as follows: "No appeal in any case shall operate as a supersedeas, unless the appellant or appellants shall within twenty days next after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows: * * * (2) When the judgment, decree, or final order directs the execution of a conveyance or other instrument, the bond shall be in such sum as shall be prescribed by the district court, or judge thereof in vacation, conditioned that the appellant or appellants will prosecute such appeal without delay; and will abide and perform the judgment or decree rendered, or final order which shall be made by the Supreme Court in the cause; * * *."

Section 25-1917, R. R. S. 1943, provides: "Instead of the undertaking prescribed in the second subdivision of section 25-1916, the conveyance or other instrument may be executed and deposited with the clerk of the court in which the judgment was rendered or order made, to abide the judgment of the appellate court."

The appellants assert that the January 6, 1956, order of the appellants was made solely by way of compliance with sections 25-1916 and 25-1917, R. R. S. 1943, relative to supersedeas, and that such order was deposited and accepted in lieu of supersedeas bond, and not as a presently operative order, to abide the ultimate judgment of this court, just as the execution and deposit of a deed pursuant to section 25-1917, R. R. S. 1943, would not constitute a presently operative conveyance of title.

We are not favored by any citation of authority by the appellants to sustain their position. We have merely the statement that the appellants have complied with sections 25-1916 and 25-1917, R. R. S. 1943, by the filing of an instrument entitled "deposit in lieu of supersedeas bond" which is heretofore set out.

As we interpret subdivision (2) of section 25-1916, and section 25-1917, R. R. S. 1943, we conclude such sections contemplate a conveyance such as a deed, an assignment of an interest in property, real or personal, such as a mortgage, or any other instrument comparable thereto. As for instance, in the case of Walter v. Gillan, 129 Neb. 514, 262 N. W. 33, the case involved a school land lease and fraud. The defendants executed and deposited with the clerk of the court an assignment of a school land lease with notice that it was done in lieu of a supersedeas undertaking pursuant to section 20-1917, Comp. St. 1929 (now section 25-1917, R. R. S. 1943), and the same bore the endorsement and approval of both the trial judge and the clerk, objections thereto having been overruled.

The county superintendents entered a joint order while sitting and acting as a quasi-judicial body, which order

complied with the order of the district court. The county superintendents were not, in any sense of the term, executing a conveyance or other instrument required by the judgment of the district court to be executed. The county superintendents having fully complied with the order of the district court uniting the six school districts into a high school district for the purpose of holding high school, any question involved here would be wholly moot. We conclude, the appellants having complied with the judgment of the district court, the following is applicable.

A defeated party's compliance with the judgment destroys his right to appeal where such compliance makes it impossible for the appellate court to grant him effective relief on the merits. Annotation, 39 A. L. R. 2d, § 16, p. 179.

As stated in Betts v. State ex rel. Jorgensen, 67 Neb. 202, 93 N. W. 167, quoting from City of San Diego v. Board of Supervisors, 97 Cal. 438, 32 P. 517: " 'The defendant voluntarily complied with the mandate of the court, and the judgment was thereupon satisfied and its force exhausted. After it had thus been satisfied, there was nothing in the judgment which the court had rendered of which the defendant could complain, or about which it could say that it was aggrieved.' " The court further said: "As was said in Matter of Manning, 139 N. Y., 446, 448, * * * 'The appeal does not now present an actual litigation but an abstract question. The practice of this court has been to refuse to entertain appeals when it is plain that nothing can be accomplished by the decision.' " See, also, Harmon v. James, 146 Kan. 205, 69 P. 2d 690; Rose v. Helstrom, 177 Kan. 209, 277 P. 2d 633.

For the reasons given herein the judgment of the district court should be and is hereby affirmed.

AFFIRMED.