PERKINS COUNTY HIGH SCHOOL DISTRICT, APPELLEE, V. RUTH REES McQUISTON, AS COUNTY SUPERINTENDENT OF PERKINS COUNTY, NEBRASKA, ET AL., APPELLEES, SCHOOL DISTRICT NO. 29 OF CHASE COUNTY, NEBRASKA, ET AL., INTERVENERS-APPELLANTS.

93 N. W. 2d 32

Filed November 14, 1958. No. 34386.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder-son,* and *Frank E. Piccolo, Jr.,* for appellants.

*Marti, O'Gara, Dalton & Sheldon,* for appellee Perkins County High School Dist.

*W. C. Conover* and *H. W. Curtis,* for appellees McQuiston et al.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action which was instituted in the district court by Perkins County High School District, plaintiff, against the county superintendents, county clerks, county assessors, and county treasurers of Perkins and Chase Counties, defendants. In the action school districts Nos. 29 and 49 of Chase County, school districts Nos. 8 and 65 of Perkins County, six members of the board of trustees of school district No. 65 of Perkins County, two electors of school district No. 49 and one elector of school district No. 29 of Chase County, one elector of school district No. 8, two electors of school district No. 65, one elector of school district No. 31, and one elector of school district No. 61 of Perkins County joined in a petition of intervention.

The action was one in equity to enjoin the defendants from effecting the creation, formation, or organization of a new high school district which would have comprised in it school districts in Perkins and Chase Counties.

The action was tried to the court and a decree was rendered whereby the injunction prayed for was granted. From the decree the interveners jointly appealed. The defendants have not appealed.

The facts in the case and the issues presented to the district court for determination are not in dispute. Pursuant to the terms of section 79-1102, R. S. Supp., 1953, school districts Nos. 29 and 49, both Class I country school districts that maintain and teach only elementary grades up to the eighth grade; school districts Nos. 31, 61, and 8 in Perkins County, all Class I country school

districts teaching only elementary grades up to the eighth grade; and school district No. 65 in Perkins County, a Class II school district that taught both elementary and high school grades, filed with the county superintendents of Chase and Perkins Counties petitions, identical in form, asking to have these districts united and formed into a single high school district for high school purposes. The board of education of school district No. 65 also filed a resolution asking for the creation of the new district. The county superintendents gave notice of the filing of the petitions and the resolution, and of a hearing thereon to be held on July 11, 1955, in the district courtroom at Grant in Perkins County. The petitions and resolution were denied. However, pursuant to the opinion and decision of this court in School Dist. No. 65 v. McQuiston, 163 Neb. 246, 79 N. W. 2d 413, the petitions and resolution were granted and the six districts were ordered united into a high school district.

The sole and only contention made by the petition in this case was that section 79-1102, R. S. Supp., 1955, is unconstitutional for the reason that it contains no provision for notice and hearing to determine the existence of the jurisdictional facts prescribed in the section. That was the only question determined by the decree. By the decree the statute was declared unconstitutional. Section 79-1102, R. S. Supp., 1953, was the statute which was in effect at the time of the commencement of the organizational proceedings but it is the same as section 79-1102, R. S. Supp., 1955, so for the purposes of this case this inadvertence is of no real consequence.

At this point it will be stated that the section does not contain a provision for notice and hearing. The appellants however contend substantially that this is of no importance if elsewhere in the statutes properly applicable provision is found. The plaintiff does not seriously contend otherwise.

This position of the appellants is without question correct. A reading of Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566, makes this point abundantly clear.

Before considering the question of whether or not the statutes contain provisions for notice and hearing in a situation such as this it becomes necessary to ascertain whether or not the plaintiff is a proper party to maintain this action. The appellants contend that it is not.

The appellants insist that the plaintiff, a school district, is not a real party in interest to the formation of the proposed high school district or the removal of districts from the district over which the plaintiff has control and supervision, hence it may not maintain an action to enjoin severance of areas from its control whether section 79-1102, R. S. Supp., 1955, is or is not constitutional.

The contention of the appellants that the plaintiff was not a real party in interest in the matter of consolidation of the school districts involved here is sustained by the decisions of this court. As pointed out in Clausen v. School Dist. No. 33, 164 Neb. 78, 81 N. W. 2d 822, the electors were the real parties in interest.

It does not follow however that because of this the plaintiff was barred from maintaining the action. Rowe v. Ray, 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056, was a case wherein action was instituted to enjoin a county superintendent from erecting a new school district out of territory lying outside the city of Fremont but within the school district of Fremont on the ground that the legislative grant of power was unconstitutional. This court, without saying that the board of education of the school district of Fremont was a real party in interest in the erection of the new district, did point out that the board of education, having the power and duty to protect and preserve the property belonging to the district, had the right to maintain the action. See, also, Ruwe v. School Dist., 120 Neb. 668, 234 N. W. 789.

A further question should be passed upon before considering that of notice and hearing. The question is that of whether or not the constitutionality of section 79-1102, R. S. Supp., 1955, may be presented by petition for injunction. This court held in Schafersman v. School Dist., 120 Neb. 673, 234 N. W. 791, that injunction is a proper remedy to prevent a school district and its officers from assuming jurisdiction over, and taxing land in, another school district. This holding was approved in Nickel v. School Board of Axtell, *supra*.

Notice and hearing sufficient to satisfy the requirements of law mean a hearing on notice to all parties in interest who shall be accorded an opportunity to be heard on and have judicially determined whether the rights of such parties have been injuriously affected. Elliott v. Wille, on rehearing, 112 Neb. 86, 200 N. W. 347; Ruwe v. School Dist., *supra;* Nickel v. School Board of Axtell, *supra*.

The requirement as to necessity for notice and hearing has been satisfied if the statute requires that the designated board or officer charged with the erection of the new district shall give notice of the action taken and afford opportunity to object thereto. The statutes relating to review of the decisions of boards and administrative agencies by the district court by proceedings in error fulfill the requirement of opportunity for judicial determination. Nickel v. School Board of Axtell, *supra*.

Returning now to the question of whether or not the statutes contain provisions sufficient to satisfy the requirements as to notice in the event of the creation of a school district pursuant to the substantive requirements of section 79-1102, R. S. Supp., 1955, it appears advisable to trace the history and evolution of that section.

The legislative history of the joinder of school districts for the purpose of formation and organization of rural high school districts starts with the year 1901.

In that year the following was enacted as chapter 64, section 1, page 441, of the Laws of 1901: "Any two or more adjoining school districts in any county of this State which are not able or do not deem it expedient to maintain a school of more than eight (8) grades may unite for the purpose of forming one high school district and maintaining one high school as hereinafter provided."

Section 2 of the chapter provided for the submission of a proposal at any regular annual meeting or any special meeting called for that purpose in the manner provided by subdivision II, chapter 79, of the Compiled Statutes, and further provided that in order to become effective the proposal should be adopted by a majority of the qualified voters present at the meeting in each of the districts.

The pertinent provisions of the Compiled Statutes above referred to were contained in sections 4662, 4663, and 4664, Compiled Statutes of Nebraska for 1901. They relate to place of meetings, the date of annual meetings, the call of special meetings, and notice of annual and special meetings.

Section 1 of chapter 64 of the Laws of 1901 remained the same until it was changed slightly by the statutory revision of 1943. In the revision the words "as hereinafter provided" were deleted and the words "as provided in sections 79-802 and 79-803" were substituted. Section 1 of chapter 64, Laws of 1901, was section 79-801, in the 1943 revision.

By section 79-802, R. S. 1943, it was provided that when ten or more qualified electors submitted a proposal to join with another or other districts the proposition should be submitted at a regular annual meeting or at a special meeting called for that purpose and it should be voted upon at that meeting, and that in the districts where a majority favorable vote was cast the directors were required to so report to the county clerk.

No comment upon section 79-803, R. S. 1943, is required here.

In 1949 the school laws were largely revised and amended, and for all practical purposes section 79-801, R. S. 1943, became section 79-1102, R. R. S. 1943, thereafter. It is as follows: "Any four or more adjoining school districts in any county of this state, which are not able or do not deem it expedient to maintain a school of more than eight grades, may unite for the purpose of forming one high school district and maintaining one high school, upon the petition of fifty-five per cent of the legal voters residing in such districts addressed to the county superintendent, asking to have such districts formed into a high school district."

It is to be observed that the number of districts to be combined to create a district was increased to four and the combination was made to depend upon a petition of 55 percent of the legal voters of each district to the county superintendent requesting the formation of a district.

The provisions of the previously existing statutes specifically requiring submission to the voters of the respective districts of the proposals for formation of rural high school districts were removed and these were not replaced by any specific requirement for notice to the voters.

In 1953, section 79-1102, R. S. Supp., 1951, was amended in such manner as to extend the right of formation of rural high school districts to four or more districts in two or more counties. The conditions of formation were the same except that petitions were required to be submitted jointly to the county superintendents of the several counties for action jointly by them.

At the time the petitions and resolution were filed with the county superintendents for the creation of the rural high school district in question there was no statutory provision for notice and hearing directly referable

to the formation of high school districts under section 79-1102, R. S. Supp., 1953. However, section 79-402, R. S. Supp., 1953, which was in effect at the time the filings for formation of the new district were made, contained the following: "The county superintendent shall create a new district from other districts, or change the boundaries of any district upon petitions signed by fifty-five per cent of the legal voters of each district affected. * * * Provided, changes affecting cities or villages shall be made upon the petition of the school board or the board of education of the district or districts affected. Before the county superintendent authorizes any changes as provided in this section, the county superintendent must fix a date for hearing and give all interested parties an opportunity to be heard at such hearing."

It is to be observed that the provision contains no directly exclusionary language as to the source of the petitions and none from which an exclusionary intent is reasonably inferable. In plain and unmistakable language it is made to appear that the notice to all interested parties and opportunity for them to be heard applies in the case of creation of new districts or change of boundaries to all types and kinds recognized by statute including those permissible under section 79-1102, R. S. Supp., 1955.

In the present instance, as has already been indicated, the real parties in interest were the electors of the two elementary school districts in Chase County, the three in Perkins County, and the school board of school district No. 65, a Class II district in Perkins County.

It cannot be said therefore that section 79-1102, R. S. Supp., 1955, is unconstitutional as contended by the plaintiff. The decree of the district court therefore is reversed and the cause remanded with directions to deny injunction and to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.