PERKINS COUNTY HIGH SCHOOL DISTRICT, APPELLEE, V. RUTH REES MCQUISTON, AS COUNTY SUPERINTENDENT OF PERKINS COUNTY, NEBRASKA, ET AL., APPELLEES, SCHOOL DISTRICT NO. 29 OF CHASE COUNTY, NEBRASKA, ET AL., INTERVENERS-APPELLANTS.

94 N. W. 2d 663

Filed February 13, 1959. No. 34386.

*Beatty, Clarke, Murphy & Morgan, Donald W. Pederson*, and *Frank E. Piccolo, Jr.*, for appellants.

*Marti, O'Gara, Dalton & Sheldon,* for appellee Perkins County High School Dist.

*W. C. Conover* and *H. W. Curtis,* for appellees Mc-Quiston et al.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On further consideration of this case and the presentation of the motion for rehearing the conclusion reached is that the opinion fails to correctly respond in one area to facts as disclosed by the record. The purpose of this supplemental opinion is to provide a proper response.

In paragraph 11 of the opinion it is effectually declared that the plaintiff had the right to maintain the action to enjoin the county superintendents from erecting a new school district. This was not on the ground that it was a party in interest to the severance of areas from its control, but that it had the right to become a party to protect and preserve property, as distinguished from land area, belonging to the plaintiff.

The principle announced has application where there is property to be protected and preserved. See, Rowe v. Ray, 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056; Ruwe v. School Dist., 120 Neb. 668, 234 N. W. 789. In this case however there is no disclosure that there was property of the plaintiff to protect and preserve, hence the plaintiff was not a real party in interest and therefore was without right to maintain action to test the constitutionality of the statutes involved.

Accordingly paragraph 11 and the third point of the syllabus are withdrawn. Also the last paragraph of the opinion is withdrawn and the following is substituted therefor:

"The decree of the district court therefore is reversed and the cause remanded with directions to deny injunction and to dismiss the action."

Other matters presented by the motion for rehearing are without merit.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.