STATE OF NEBRASKA EX REL. VENANGO RURAL HIGH SCHOOL DISTRICT, APPELLEE, v. SYLVIA ZIEGLER, AS COUNTY SUPERINTENDENT OF CHASE COUNTY, NEBRASKA, ET AL., APPELLANTS.

STATE OF NEBRASKA EX REL. VENANGO RURAL HIGH SCHOOL DISTRICT, APPELLEE, v. LAVONNE MRASEK, AS COUNTY SUPERINTENDENT OF PERKINS COUNTY, NEBRASKA, ET AL., APPELLANTS.

115 N. W. 2d 142

Filed May 11, 1962. Nos. 35143, 35145.

*Roy E. Blixt, Maupin, Dent, Kay & Satterfield, Thomas O. David, James J. Duggan, W. C. Conover, Charles Evans Hughes,* and *Clinton J. Gatz,* for appellants.

*Beatty, Clarke, Murphy, Morgan, Pederson & Piccolo* and *James E. Schneider,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

Here are two actions. The relator in the first is also relator in the second action. In the first the relator prayed for an alternative writ of mandamus. In the second relator prayed for the same kind of relief. The basic subject matter of the two actions is the same. In each action the matter under inquiry flows from an alleged failure to perform a several and coincidental duty. In the light of this it is clear, and as to this the parties are in accord, that the final determination in the two cases must be the same. It was agreed that they should be briefed and tried together as one case and on one set of briefs. This being true the disposition here will be made in one opinion.

The first of the two cases is entitled State of Nebraska ex rel. Venango Rural High School District, relator and appellee, v. Sylvia Ziegler, as County Superintendent of Chase County, Nebraska, and LaVonne Mrasek, as County Superintendent of Perkins County, Nebraska, respondents and appellants.

A petition was filed by the relator, the pertinent part of which as summarized here is the following: The respondents in multilateral judicial action pursuant to the provisions of sections 79-402 and 79-1102, R. S. Supp., 1953, and in compliance with a judgment of the district court for Perkins County, Nebraska, rendered by said court on December 5, 1955, entered the following order: "Pursuant to the decree of the District Court of Perkins County, Nebraska, entered on December 5, 1955, Ruth Rees McQuiston, County Superintendent of Perkins County, Nebraska, and Sylvia Ziegler, County Superintendent of Chase County, Nebraska, do hereby jointly find and order that the organization of Venango Rural High School District by School Districts 8, 31, 61 and 65 of Perkins County, Nebraska, and School Districts 29 and

49 of Chase County, Nebraska, has been completed, authorized and perfected."

An appeal was taken from the judgment of the district court rendered on December 5, 1955, to the Supreme Court of the State of Nebraska, and the judgment was affirmed on November 16, 1956. A motion for rehearing was filed which was denied.

It is interpolated here that the judgment of the district court of which mention has been made and the joint order of the two county superintendents are in their terms still in full force and effect.

It is further interpolated here that the statutes which were the basis of the organization of the Venango Rural High School District, which was confirmed by the judgment or decree of the district court and the joint order of the two county superintendents, imposed upon the superintendents certain duties of implementation of the new organization. These duties have never been performed.

Returning to the summary of the petition, it is pleaded that the county superintendents of the counties had a statutory duty to deliver to a taxable inhabitant of the Venango Rural High School District a notice in writing describing the boundaries of the Venango Rural High School District and specifying the time and place of the first meeting of the district. An exaction of the notice to be given to the inhabitant was that he notify every qualified voter of the district of the time and place of the first meeting for the completion of the organization of the district.

The county superintendents failed and refused to call a first meeting until on or about March 9, 1959, at which time the organization and election of officers of the Venango Rural High School District was completed, and this district has been carrying on and performing the functions of a Class VI school district in Perkins County, Nebraska.

It is pleaded that at the time of the formation of the

Venango Rural High School District, or as soon there-after as possible, it became the absolute and unqualified statutory duty of the superintendents to ascertain and determine the amount, pursuant to section 79-414, R. R. S. 1943, justly due to Venango Rural High School District from Chase County High School District out of a part of which the Venango Rural High School District was formed. This duty the superintendents have wholly failed, neglected, and refused to perform.

The petition contains much more than has been set out here, but it appears that this is sufficient to direct attention to the true issues involved in this case.

The action is by the relator wherein a writ of man-damus is sought to require the respondents to comply with the duties which, as the relator says, are imposed upon them by section 79-414, R. R. S. 1943, and in particular to determine the amount justly due the Venango Rural High School District from Chase County High School District.

In effect, by the answers of the respondents, to the extent necessary to set out here, it is stated that they did not effectuate the organization of the Venango Rural High School District until March 9, 1959, for the rea-son that the propriety of the district was in litigation which prevented action at an earlier date. It is not denied that they have failed to comply with the declared requirement that they determine the amount due the Venango Rural High School District.

In the second of the two cases the relator is the same as the relator in the first. The respondents are the same. A summary of the pertinent parts of the plead-ings in this case, with one exception, would be substan-tially the same as the summary in the first, hence there will be no repetition.

The exception is that the property of school districts 8, 31, and 61, which became a part of the Venango Rural High School District, was taken from Perkins County High School District which was a Class VI dis-

trict. This will be referred to later herein.

The two cases were tried together and on June 29, 1961, the relief prayed by the relator in each of the cases was granted by the judgment of the court. Motions for new trial were duly filed. They were overruled. From these judgments and orders the respondents appealed.

The cases were tried on a stipulation of facts in which stipulation a large number of exhibits were identified, admitted in evidence, and made a part of the bill of exceptions. This bill of exceptions contains for the most part a historical background of the cases before the court at this time. In view of a history contained in earlier decisions relating to the subject matter involved here but little reference to it will be required.

The errors assigned as grounds for reversal will not be specifically mentioned herein, but it is concluded that the opinion will sufficiently respond to the substance thereof requiring consideration.

In School Dist. No. 65 v. McQuiston, 163 Neb. 246, 79 N. W. 2d 413, it is pointed out that pursuant to authority contained in section 79-1102, R. S. Supp., 1953, the regularly constituted authorities of School District No. 65 of Perkins County, the regularly constituted authorities of the school districts involved herein in that county, and the regularly constituted authorities of the school districts of Chase County involved herein had filed proper petitions requesting the creation of a single high school district for high school purposes.

The county superintendents gave notice of the petitions and after hearing on July 11, 1955, multilaterally declined to form the new district. The total area involved is what has been and will be referred to herein as the Venango Rural High School District.

The petitioners in proceedings in error sought review of the action of the superintendents by the district court. In the district court the action of the superintendents was reversed, and on December 5, 1955, they were ordered

to jointly enter an order finding that the organization of the Venango Rural High School District had been completed, authorized, and perfected. This is the order which has been previously quoted herein as having been rendered on January 6, 1956. Attempt was made to appeal from that adjudication. The attempt, by the judgment of this court, was denied. The judgment of the district court therefore became final.

The effect of this judgment is to say that the Venango Rural High School District was duly created under the provisions of sections 79-402 and 79-1102, R. S. Supp., 1953, and the action of the two county superintendents on January 6, 1956.

Section 79-402, R. S. Supp., 1953, was amended by action of the Legislature in 1955, 1957, and 1959, but in no particular which has any significance in this case.

One of the contentions of the respondents is that by the amendments the method of division and distribution of assets and property has been changed from what was previously provided, which change is controlling, hence the district court was in error in the rendition of the judgments in these two cases.

The answer to this contention, at least in part, has been given in no uncertain terms in School Dist. No. 65 v. McQuiston, *supra*. Without reference in terms to section 79-414, R. R. S. 1943, but with certainty nevertheless, it was confirmed by that adjudication that there involved was a proper creation under section 79-1102, R. S. Supp., 1953, and accordingly it was ordered and directed that action be taken to effect a compliance with the provisions thereof. This answer finds support in Perkins County High School Dist. v. McQuiston, 167 Neb. 330, 93 N. W. 2d 32, modified on motion for rehearing, 167 Neb. 777, 94 N. W. 2d 663.

Another contention is substantially that the purported creation of the Venango Rural High School District was invalid for the reason that authority therefor did not exist in or flow from these statutory provisions. A

suggested basis for this is that other provisions of statute prevent the taking of Class VI districts or parts thereof and making and incorporating them in rural high school districts. No such inhibitory provisions have been found. The most that may be said is that where there has been a creation of a rural high school district in which is included an area from a Class VI district, the Class VI district may retain its identity as such.

With regard to a situation under earlier statutory provisions having a substance in all respects like the one involved here, this court, in State ex rel. Hill v. Smith, 111 Neb. 757, 197 N. W. 418, said: "Relator contends that, if rural high school districts are permitted to be organized in counties where there is a county high school, each of such rural high schools would take away from the county high school a part of its territory and means of support, and that, by reason of the organization or such rural high schools the county high school would be left without sufficient territory and sufficient income to maintain the county high school.

"We are unable to accept relator's view. We cheerfully concede that it was the legislative design that there should be at least one high school in every county, but we do not think that it was the legislative intent to thereby prevent the subsequent organization of rural high schools."

The theory of the respondents that the Venango Rural High School District was not organized and completed on January 6, 1956, but rather was completed on March 9, 1959, is without merit.

The substantial significance of this contention is that the proceedings in 1956 were under section 79-402, R. S. Supp., 1953, and since the district did not commence functioning until the fall of 1959, the order of January 6, 1956, had no force and effect. No citations appear in the brief the effect of which are to lend support to the contention.

On the other hand, this court has said: "It is well established in this jurisdiction that a legislative act will

operate only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed." School Dist. of Omaha v. Adams, 151 Neb. 741, 39 N. W. 2d 550. There is nothing in the area of concern here to indicate that the Legislature intended that there should be retrospective operation.

Section 79-402, R. S. Supp., 1953, provided for the creation of new school districts or change of district boundaries and the conditions precedent to such creation. The record here together with the opinions of this court relating to this situation disclose, to the extent that the section is applicable, that there was compliance with these conditions.

Section 79-1102, R. S. Supp., 1953, caused the conditions for creation under section 79-402, R. S. Supp., 1953, to become applicable in the case of the creation of a rural high school district from other districts as here. With these conditions there was compliance.

Section 79-414, R. R. S. 1943, required that after creation of a new district the county superintendent or county superintendents, if two or more counties were involved, should ascertain and determine the amount justly due the newly created district from the old districts on account of the severance therefrom.

It is the performance of this duty by the respondents that the relator seeks to compel. They have failed to so perform, and in the light of the record the inescapable conclusion and inference is that they have refused to so perform.

The district court found that the respondents were required to perform the duty imposed by section 79-414, R. R. S. 1943, and by judgments ordered performance as of January 6, 1956.

The judgments are correct and accordingly they are affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.